NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO BERNAL CORTEZ,<br><br>                Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                Respondent. | No.   18-72438<br><br>Agency No. A079-158-078<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2020[**]
San Francisco, California

Before: NGUYEN, HURWITZ, and BRESS, Circuit Judges.

Roberto Bernal Cortez, a citizen of Mexico, petitions for review of (1) an order by the Department of Homeland Security ("DHS") reinstating an expedited removal order and (2) a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an order of an Immigration Judge ("IJ") denying him

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part and dismiss it in part.

1. Our review of a reinstatement order is limited to whether the petitioner (1) is an alien, (2) subject to a prior removal order, and (3) unlawfully reentered the United States. *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1137 (9th Cir. 2008). All elements are satisfied. Bernal admits he is a citizen of Mexico. He was removed under a January 7, 2001 expedited removal order. And, a DHS records search finding no evidence of lawful entry, combined with Bernal's presence in the country, suffices to establish unlawful reentry.

The Court lacks jurisdiction to consider Bernal's collateral attack on the underlying expedited removal order. *Id.* at 1138. In a reinstatement proceeding, the underlying removal order is "not subject to being reopened or reviewed." 8 U.S.C. § 1231(a)(5). The jurisdictional bar is not avoided by Bernal's attempt to characterize his attack as one on the sufficiency of DHS's proof on the three factors it must prove for reinstatement. *See Alvarado-Herrera v. Garland*, --- F.3d ---, 2021 WL 1378531 at *5 (9th Cir. Apr. 13, 2021). This aspect of Bernal's appeal is dismissed.

2. Substantial evidence supports the denial of withholding of removal. The record does not compel a finding that Bernal would be persecuted in Mexico

because of his political opinion or any other protected ground. *See* 8 U.S.C. § 1231(b)(3)(A) (requiring that the "alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion"); *Barajas-Romero v. Lynch*, 846 F.3d 351, 357–58 (9th Cir. 2017) (holding that for withholding purposes, the protected status need only be a reason for the persecution, not the only or central reason). The harm Bernal suffered—a shooting and harassment by a local criminal—does not necessarily have any nexus to his political views. An alternative explanation, that the harm resulted from random criminal violence without a nexus to a protected ground, was at least plausible and supported by the evidence cited. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). And, there is no indication that the agency did not adequately consider all the evidence before it. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018).

3.     Substantial evidence also supports the denial of CAT relief. The record does not compel a finding that Bernal would be tortured by, or with the acquiescence of, a public official in Mexico if returned to that country. *See* 8 C.F.R. §§ 1208.18(a)(1), 1208.16(c) (requiring torture to be by or with acquiescence of public official); *Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010) (same). Bernal relied only on speculation and generalized evidence of crime, corruption, and impunity to connect any feared future torture to the Mexican government. Local

police, however, responded each time Bernal sought help in the past. The evidence the agency cited supports its decision, and there is again no indication that the agency did not adequately consider all the evidence before it. *See Gonzalez-Caraveo*, 882 F.3d at 894.

**PETITION DISMISSED IN PART AND DENIED IN PART.**